SHANKLAND v. CRANE OXYGEN WORKS & AMBULANCE CO., Inc.

(Supreme Court, Appellate Term, First Department.    March 4, 1915.)

CORPORATIONS (§ 407*)—CONTRACTS—LIABILITY FOR CONTRACTS OF SHARE-HOLDERS.

  The owner of stock in a corporation agreed in writing to sell such stock to S., and the corporation was made a party to the agreement by which it employed S. as its manager and agreed to lease from the seller certain premises. The agreement recited that the report of plaintiff, a certified public accountant, as to earnings, had been exhibited to S., and that the seller represented the report true; but this part was later canceled by an agreement that, if S. desired an examination of the books, he would have it made by plaintiff. Plaintiff testified that the seller told him that S. had taken charge of the plant and wished to see him, and that S. employed him to examine the books. *Held*, that the contract of employment was that of S., and the corporation was not liable thereon.

  [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1615–1619; Dec. Dig. § 407.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by James A. Shankland against the Crane Oxygen Works & Ambulance Company, Incorporated. From judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Goodale & Hanson, of New York City (Frank J. Weeks, of New York City, of counsel), for appellant.

John C. Van Loon, of New York City, for respondent.

SHEARN, J.  Appeal by defendant from judgment of $122.12, rendered by the court in an action for work, labor, and services claimed to have been performed by plaintiff, a public accountant, in an examination of the books of the defendant, and for the defendant.

---

Mrs. Heydecker, secretary and treasurer of the defendant and the owner of a large part of its capital stock, agreed in writing on June 10, 1914, to sell all of her shares and certain other shares that she controlled to Messrs. Cundy and Schnopp. The defendant corporation was made a party to the agreement, for by the agreement it employed Schnopp as its general manager for a period of years, and further agreed to lease from Mrs. Heydecker certain premises for a period of six years.

Paragraph 6 of the agreement provided that the report of J. A. Shankland, a certified public accountant (this plaintiff), in respect to the earnings of the business for the years of 1912 and 1913, had been exhibited to Messrs. Cundy and Schnopp, and that Mrs. Heydecker represented that the report was true. On July 10, 1914, said paragraph 6 was by a supplemental written agreement canceled, and in its place it was provided that:

> "If Mr. Schnopp, in behalf of Cundy and Schnopp, desires to have an examination of the books, he will have the same made by J. A. Shankland, a certified public accountant, and he will have same made within a month from date. And if the said Shankland reports from such examination that his report in respect of the earnings of the business from 1912 to 1913, which has been exhibited to Messrs. Cundy and Schnopp, is correct, that will be satisfactory to Messrs. Cundy and Schnopp as to the condition of the business."

Plaintiff testified that between July 15 and August 5, 1914, Mrs. Heydecker told him "that Cundy and Schnopp had taken, charge of the business from the 15th," and that Mr. Schnopp wished to see him, and that Mr. Schnopp employed him to make an examination of the books, but that he charged Mrs. Heydecker for the work.

It is perfectly clear that it would have been entirely improper for the corporation to have been charged with an audit made either for the benefit of Mrs. Heydecker or Messrs. Cundy and Schnopp, who were respectively merely vendor and purchasers of shares of its stock. It is equally clear from the contract that the audit was for the benefit of Cundy and Schnopp, and, having been ordered by Mr. Schnopp, the bill should have been paid by Messrs. Cundy and Schnopp. In no event was the defendant liable.

Judgment reversed, with costs, and complaint dismissed upon the merits, with costs. All concur.